**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **JOSHUA STEVENS**<br>      Plaintiff,<br><br>**vs.**<br><br><br>**IRECOVERY, LLC, JOHN DOES, and JANE DOES**<br>      Defendants, | **Civil Action No.** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Joshua Stevens, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.      JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

### III.   PARTIES

5.  Plaintiff, Joshua Stevens is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Essex County, in the state of Massachusetts.

6.  Defendant, iRecovery, LLC is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Clark County, at 7690 W Cheyenne Avenue, Las Vegas, Nevada 89129.

7.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9.  Plaintiff is informed and believes, and thereon alleged, that Defendants use the instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10.  At all relevant times, Defendants acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

11.  Sometime before 2011, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), namely a student loan debt.

12.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to defendant iRecovery for collection from Plaintiff.

13.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

14.  Defendants then within one year prior to the filing of this complaint, began contacting Plaintiff and placing collection calls to Plaintiff in and around the beginning of August of 2011; seeking and demanding payment for an alleged consumer debt owed under an account number.

15.  Upon information and belief, Defendants, during the initial communication to Plaintiff at the beginning of August of 2011, which was an oral message left for Plaintiff on his father's telephone's voicemail, did not state that Defendants were debt collectors, attempting to communicate a debt, and that any information would be used for that purpose.  A debt collection agent who identified herself as 'Nicole' left said following communication for Plaintiff:

> "This is for Josh Stevens.  My name is Nicole, I need an immediate return call concerning a situation that has come across my desk, that does involve you directly. (I'm) calling to verify that this is a direct number to contact you.  Do not continue to disregard these messages you need a decision from you today.  My direct contact number is (877) 383-0433, extension 1915.  If I do not hear from you before 4 p.m. pacific time, I will have to make a decision on your behalf.  Again my direct contact number is (877) 383-0433, extension 1915.  This call does require immediate attention."

16.  Upon information and belief, Defendants lied to, or at the very least misled Plaintiff, through the above false and misrepresentative statement, by stating in its first said communication to Plaintiff that Plaintiff had been disregarding messages, when Plaintiff had in fact not been doing so as that was the first communication he had received from Defendants.

17.  During collection attempts, a female debt collection agent of defendant iRecovery called the telephone number for Plaintiff's father, who is a third party to the alleged debt, and left a message on his voicemail stating that she knew that it was the correct number to reach Plaintiff, and that Plaintiff had until 4 o'clock postmeridian to contact them or 'a decision would be made'.

18.  Defendants utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff, and by alerting Plaintiff's father, a third party, to the alleged debt without Plaintiff's consent.

## *SUMMARY*

19.  All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by defendant iRecovery,

were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

20.  The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

21.  As a result of the acts alleged above, Defendants caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

22.  Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

23.  Defendants repeated attempts to collect this alleged debt from Plaintiff, a person whom did not owe this alleged debt, was an invasion of Plaintiff's privacy and her right to be left alone.

24.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## *RESPONDEAT SUPERIOR LIABILITY*

25.  The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by defendant iRecovery who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, defendant iRecovery.

26.  The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by defendant iRecovery in collecting consumer debts.

27.  By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, defendant iRecovery.

28.  Defendant, iRecovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## V.     CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

29.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.  The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a)  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and
>
> (b)  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and
>
> (c)  Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and
>
> (d)  Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and
>
> (e)  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial oral communication with Plaintiff that the communication was from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communication was not a formal pleading; and
>
> (f)  Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA.

31.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Joshua Stevens for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an

amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## *COUNT II.*

### *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

32.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

34.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

35.  Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

36.  Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully contacting her as a non-responsible third party about this debt, and thereby invaded Plaintiff's right to privacy.

37.  Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

38.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

39.  The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

40.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41.  As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## VI.   *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment that each Defendant's conduct violated the FDCPA.

B. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

Dated: September 6, 2011                            RESPECTFULLY SUBMITTED,
                                                    By: /s/ Kevin Crick, Esq.
                                                    Kevin Crick, Esq.
                                                    BBO:  680950
                                                    Consumer Rights Law Firm, PLLC
                                                    2 Dundee Park, Suite 201
                                                    Andover, Massachusetts 01810
                                                    Phone: (978) 212-3300
                                                    Fax: (888) 712-4458
                                                    kevinc@consumerlawfirmcenter.com
                                                    **Attorney for Plaintiff**


*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Joshua Stevens demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.